## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-CV-09028 GW (PLAx) | Date | November 19, 2018 |
|---|---|---|---|
| Title | *Jason Frank Law, PLC v. Avenatti* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING EX PARTE APPLICATION FOR REMAND**

     On November 9, 2018, plaintiff Jason Frank Law, PLC ("Plaintiff") applied, *ex parte*, for this Court to remand this action to state court. Defendant Michael J. Avenatti ("Defendant") opposed the application, but does not take issue with Plaintiff employing the *ex parte* procedure to have the Court consider the issue. Whereas the Court ordinarily considers remand issues in connection with regularly-noticed motions, because the Court believes the procedural defect in Defendant's removal of this action is plain, it grants Plaintiff's *ex parte* application. There is no need for it to consider or resolve the subject matter jurisdiction question presented by Defendant's removal.

     Defendant does not dispute Plaintiff's contention that he removed this action well past 30 days after he was served with both the original Verified Complaint for Breach of Guaranty Agreement in this action and the Verified Amended Complaint for Breach of Guaranty Agreement. *See* 28 U.S.C. § 1446(b)(1), (3) (providing for removal within 30 days of receipt of copy of the initial pleading or within 30 days of receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"). Instead, he argues that he became aware of the basis he has cited for federal question jurisdiction because of Plaintiff's contentions *in another case* on September 27, 2018.

     But at best this means that Defendant became aware of a *theory* for federal jurisdiction that, if it exists at all, existed as of the time the original and amended complaints were filed and served upon Defendant. Nothing about this case changed so as to create federal jurisdiction, and Defendant's lack of awareness of that theory (legitimate or not) cannot excuse a delayed removal.

     Because Defendant failed to comply with Section 1446(b)'s requirements, there was a procedural

|  | : |
|---|---|
| Initials of Preparer | JG |

REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-09028 GW (PLAx) | Date | November 19, 2018 |
|---|---|---|---|
| Title | *Jason Frank Law, PLC v. Avenatti* | | |

defect in his removal of the case. Plaintiff timely raised that defect as a basis for remand. *See* 28 U.S.C. § 1447(c). The Court therefore grants Plaintiff's *ex parte* application to have the case remanded; and orders the case to be remanded forthwith back to state court.

:

Initials of Preparer   JG